UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PATRICIA COAN, on behalf of herself and all others similarly situated and CHRISTINA REPISCHAK, on behalf of herself and all others similarly situated, </br></br>Plaintiffs,</br></br>v.</br></br>NIGHTINGALE HOME HEALTHCARE, INC.,</br></br>Defendant. | )</br>)</br>)</br>)</br>)</br>) CASE NO. 1:05-cv-0101-DFH-TAB</br>)</br>)</br>)</br>)</br>)</br>)</br>)</br>) |

ENTRY ON PENDING MOTIONS

Plaintiffs Patricia Coan and Christina Repischak have sued Nightingale Home Healthcare, Inc. for alleged overtime violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. Plaintiffs seek certification of a collective action under the FLSA, an order directing defendant to provide their counsel a list of its current and former employees, and approval for a notice to prospective members of the collective action so that they may have an opportunity to opt-in to the case. Defendant opposes the requests.

I.   *Motion to Certify Collective Action Status*

Pursuant to the FLSA, employees may bring an action for damages on behalf of themselves and those similarly situated if an employer has failed to pay the prescribed minimum wage or failed to pay overtime. 29 U.S.C. § 216(b). Such

collective actions differ significantly from Rule 23 class actions. Potential plaintiffs in a collective action must affirmatively state in writing that they wish to participate in the case. See generally *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989) (holding that in case governed by § 216(b), district court may order discovery of names and addresses of other employees and direct notice to potential members of collective action). Under the FLSA, no employee shall be a party plaintiff to any collective action unless he or she files a written consent to joinder in the court where that action is pending. 29 U.S.C. § 216(b); *Harkins v. Riverboat Services, Inc.*, 385 F.3d 1099, 1101 (7th Cir. 2004).

In deciding whether an FLSA action may proceed as a collective action, the court must review the affidavits or other evidence submitted by plaintiffs to decide if they have made an initial threshold showing that they are similarly situated to the employees on behalf of whom they seek to pursue claims. *Camper v. Home Quality Management, Inc.*, 200 F.R.D. 516, 519 (D. Md. 2000). If plaintiffs meet this relatively modest requirement, the court can then approve a notice to be sent to potential plaintiffs who may have been subject to a common policy or plan said to violate the FLSA. The court may reserve any final determination on the issue of whether the employees are similarly situated until later, when more specific information is available. *Severtson v. Phillips Beverage Co.*, 137 F.R.D. 264, 267 (D. Minn. 1991).

Plaintiffs have submitted affidavits asserting that defendant had a general policy of refusing to pay overtime to non-exempt employees. At this stage of the case, the court does not evaluate the potential merits of plaintiffs' claims. In fact, the Supreme Court has cautioned that courts "must be scrupulous to respect judicial neutrality. To that end, trial courts must take care to avoid even the appearance of judicial endorsement of the merits of the action." *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. at 174. For purposes of the threshold determination of whether notice should be given to other employees, the court finds that the plaintiffs' affidavits are sufficient to warrant such notice to other similarly situated employees of defendant.[1]

Defendant's principal objection to notice and certification of a collective action is that plaintiffs propose too large a group, consisting of all employees of defendant in four states who worked any time after January 20, 2002 and who worked in excess of 40 hours per week without receiving overtime pay. Defendant suggests that this broad group would include senior executives and others who are obviously exempt from overtime, and that any collective action should be confined to employees in Indiana, at most.

---

[1] Defendant points out that the affidavits include hearsay in the form of testimony about what other employees told the affiants about whether defendant paid them overtime. Defendant's motion to strike such hearsay is denied. At this preliminary stage and for these preliminary purposes, plaintiffs need not come forward with evidence in a form admissible at trial.

In terms of geography, the court sees no strong reason at this time to confine the action to one state. Plaintiffs' affidavits attest to a corporate-wide policy. Plaintiff Coan has testified in her affidavit that she handled payroll for employees in Indiana, Minnesota, Illinois, and California, applying the same practices and policies to all employees "regardless of their job title, pay rate, or geographic location."

In another pending FLSA collective action, this court recently declined to approve a multi-state collective action. *Veerkamp v. U.S. Security Associates, Inc.*, 2005 WL 775931 (S.D. Ind. Mar 15, 2005). In *Veerkamp*, however, there were two circumstances not present here. First, the record in that case indicated that overtime complaints had been raised in other states and had been addressed by the U.S. Department of Labor, with both prospective relief and awards of back-pay to the affected employees in other states. *Id.* at *2. Second, in *Veerkamp* the plaintiffs were asserting rights under state law, which would produce confusion and complications. *Id.* at *3. While such complications could be managed, the combination of factors persuaded the court to limit the collective action to employees in Indiana.

In this case, the record does not reflect any such additional considerations or complications. Accordingly, this case may proceed under the FLSA with employees in Indiana, Illinois, Minnesota, and California. If employees in other

states prefer to pursue their own actions closer to home, they will of course be free to do so.

In terms of the failure to differentiate between exempt and non-exempt employees, the problem here is that the merits of the claims will put at issue defendant's classifications of at least some of its employees. Plaintiffs Coan and Repischak allege they were non-exempt for overtime, while defendant contends both were exempt. It's clear that some form of notice should be provided to a fairly broad group of employees. Defendant objects to overbreadth of plaintiffs' proposal, but defendant has not proposed a practical solution to the problem, other than flat denial of collective action status. Plaintiffs have not proposed a method for narrowing the group.

The court finds that the most practical method for dealing with this problem is to order disclosure of names and addresses and job titles of current and former employees, and to allow plaintiffs' counsel to exclude from the group receiving notice any persons who counsel believe clearly would be exempt from overtime rights. Plaintiffs' counsel have no reason to waste their time with people who obviously would be exempt, and have ample incentive to send the notice to employees who might have meritorious claims. Where there are genuine disputes over status as exempt or non-exempt employees, those disputes can be addressed at later stages of the lawsuit. Also, the court will direct that notice address the status issue, as explained below.

II.   *Motion to Approve Notice*

Plaintiffs' proposed notice is approved, with certain modifications.  First, the last paragraph under "II.  Description of the Lawsuit" shall have the additional sentence added in bold:  "The court has not yet made any decision or finding on whether plaintiffs' claims have merit."  Second, the deadline date for opting in (to be inserted in Section III shall be 63 days (nine weeks) after the notice is mailed by plaintiffs' counsel.  Third, the opt-in form shall include a deadline based on post-mark rather than the date counsel receives the form, to be consistent with the notice form itself.  Fourth, a new Section IV shall be inserted between Sections III and V, called "Exempt Employees."  It shall state:  "If you believe you were exempt from overtime pay, then you should not try to join the suit.  If you are not sure whether you were exempt from overtime or not, you may contact the counsel for the plaintiffs for advice.  Contact information is below in Section IX."

Plaintiffs' counsel shall mail the notice as soon as practicable after receiving the list of employee names, addresses and titles from defendant.

III. *Motion for Leave to Amend Complaint*

Plaintiffs Coan and Repischak have moved for leave to file an amended complaint that adds several additional plaintiffs. The motion is certainly timely, and under Rule 15 of the Federal Rules of Civil Procedure, leave to amend should be freely granted under these circumstances. The plaintiffs' motion is granted, and the tendered First Amended Complaint shall be filed as of this date.

IV. *Request for List of Employees*

Plaintiffs' discovery request is hereby granted. Defendant shall produce to plaintiffs' counsel no later than 21 days after the date of this order a list of all employees who worked for defendant in Indiana, Illinois, California, or Minnesota at any time from January 20, 2002 to the present, their last known mailing addresses, and their job titles or classifications.

So ordered.

Date: June 29, 2005

DAVID F. HAMILTON, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Nathan A. Baker
BARNES & THORNBURG
nbaker@btlaw.com

Mark W. Clark
BARNES & THORNBURG
mclark@btlaw.com

Nathan D. Foushee
MCMAINS MORSE PC
foushee@mcmainsmorse.com

Mary Jane Lapointe
MCMAINS MORSE
lapointe@mcmainsmorse.com

Donald J. McNeil
BARNES & THORNBURG
dmcneil@btlaw.com

John J. Morse
MCMAINS MORSE
morse@mcmainsmorse.com