UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

PATRICIA COAN, CHRISTINA REPISCHAK, TERESA PRESSLY, JOYCE LITTLE, CHRISTA CHILDERS and BONNIE WILSON, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

NIGHTINGALE HOME HEALTHCARE, INC. and DEV A. BRAR, personally,

Defendants.

CASE NO. 1:05-cv-0101-DFH-TAB

ENTRY ON MOTION TO CERTIFY INTERLOCUTORY APPEAL
AND FOR STAY OF DISTRICT COURT PROCEEDINGS

After meeting with counsel on June 1, 2006 in this collective action for overtime pay under the Fair Labor Standards Act, the court ordered that the claims of the 66 plaintiffs be tried in four groups or "sub-classes." The first trial will be the claims of the 12 plaintiffs who both sides agree are non-exempt employees for purposes of the Fair Labor Standards Act. The second will be for the 15 plaintiffs who worked for defendants as registered nurses or physical therapists, and who defendants contend were subject to a professional fee-for-service exemption. The third is for the 29 plaintiffs who defendants contend were subject to the exemption for home companionship services. The fourth trial is for

the 10 remaining plaintiffs who defendants contend were exempt as salaried employees. The first trial is scheduled to begin August 14, 2006.

Defendants have now moved to stay this action and for the certification required under 28 U.S.C. § 1292(b) to allow them to take an interlocutory appeal of the court's decision to proceed with these four separate trials, but with all of the opt-in plaintiffs included. Section 1292(b) provides in relevant part: "When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order."

By way of background, defendant Nightingale Home Healthcare Inc. provides as its name suggests a variety of health care services in patients' homes and in long-term nursing facilities. It operates in four different states. Plaintiff Patricia Coan has testified that she handled payroll and applied the same practices and policies to employees in all four states. The court initially certified the case for a collective action under the FLSA provision, 29 U.S.C. § 216(b), and potential plaintiffs were given notice and the opportunity to opt in as plaintiffs under § 216(b). At this point, 66 persons are plaintiffs. All either were named plaintiffs in the operative complaint or have filed written statements with the court stating their intent to assert claims for overtime pay, as required under § 216(b).

Plaintiffs allege that defendants applied a uniform policy of refusing to pay any employee overtime, and they have supported that allegation with evidence.

The parties agree that 12 plaintiffs are non-exempt under the FLSA. Several different exemptions are likely to be litigated here for the other plaintiffs. One is for administrative and professional employees, 29 U.S.C. § 213(a)(1). Another is for so-called "companionship" employees who provide companionship services for persons unable to care for themselves, 29 U.S.C. § 213(a)(15) and 29 C.F.R. § 552.6.

After discovery, plaintiffs moved for summary judgment as to liability. Defendants moved to decertify the collective action on the theory that the different plaintiffs are not similarly situated. The court denied both motions without a detailed written opinion and met with counsel to address how best to proceed, resulting in the court's decision to break the case down into four separate trials.

Defendants contend the controlling legal issue here is the following:

> Whether the District Court, having determined that the Defendants would raise individual exemptions as to the majority of the individual collective action Plaintiffs, properly ordered the collective action to be tried as four sub-classes of collective plaintiffs instead of either: (1) decertifying the class entirely for not being similarly situated, (2) dismissing each and every plaintiff for whom the defendant would raise an individual exemption under the FLSA for not being similarly situated, or, at a minimum, (3) dismissing

> the opt-in Plaintiffs who were placed in a sub-class that did not have a representative plaintiff.[1]

This is a singularly inappropriate question for interlocutory appeal under § 1292(b). The court denies defendants' motion for a stay and their request for a certification for appeal.

Defendants' proposed certified question fails the most essential criteria for an interlocutory appeal. First, it is not a controlling question as to which there is substantial ground for disagreement. It is instead a whole nest of questions relevant to highly discretionary, case-specific decisions about how best to manage a complex case. Second, an interlocutory appeal is unlikely to advance materially the ultimate disposition of this case. It is instead most likely merely to add cost and delay.

The court turns first to the last issue raised by the defendants's question, whether the FLSA allows the court to try a "subclass" that does not include a "named plaintiff." In a true class action under Rule 23 of the Federal Rules of Civil Procedure, it would be necessary to have a representative plaintiff for any given subclass of plaintiffs. *E.g.*, *In re Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation*, 209 F.R.D. 323, 351 (S.D.N.Y. 2002) (each subclass under Rule 23 must satisfy all requirements of Rule 23(a) and at least one portion of Rule 23(b)). That requirement does not apply to this collective action, however.

---

[1]This is the phrasing in defendants' proposed order.

Under the opt-in procedures of 29 U.S.C. § 216(b), all 66 of the plaintiffs have affirmatively opted in as plaintiffs in this case, and they are full parties for all purposes. See *Prickett v. DeKalb County*, 349 F.3d 1294, 1297 (11th Cir. 2003) (opt-in plaintiffs are full parties to action and need not file new consents when complaint is amended to add new claims). The original plaintiffs are no longer representing the additional plaintiffs; they are all plaintiffs. As a result, the court may order separate trials without regard to how and when each plaintiff joined in the case.

At a more fundamental level, the defendants' overall proposed question for certification does not present a single controlling question of law like those that are typically appropriate for an interlocutory appeal under § 1292(b). For purposes of § 1292(b), the term "question of law" generally refers to a "'pure' question of law rather than merely to an issue that might be free from a factual contest. The idea was that if a case turned on a pure question of law, something the court of appeals could decide quickly and cleanly without having to study the record, the court should be enabled to do so without having to wait till the end of the case." *Ahrenholz v. Board of Trustees of the University of Illinois*, 219 F.3d 674, 676-77 (7th Cir. 2000) (denying leave for interlocutory appeal of denial of summary judgment).

The question in this case does not come close to that standard. It is well established that decisions about the scope of collective actions under the FLSA

(and other statutes that use its procedures) are committed to the sound discretion of the district court, as defendants' own authorities teach. *E.g.*, *Mooney v. Aramco Services Co.*, 54 F.3d 1207, 1212-13 (5th Cir. 1995), overruled on other grounds, *Rachid v. Jack In The Box, Inc.*, 376 F.3d 305, 311 n.10 (5th Cir. 2004); *Mielke v. Laidlaw Transit, Inc.*, 313 F. Supp. 2d 759, 763-64 (N.D. Ill. 2004) (denying in part motion for certification of collective action; defendant had no uniform policy on overtime, and plaintiffs worked at multiple locations under multiple collective bargaining agreements). Such decisions are about as far from a "pure" question of law as one is likely to find.

The court's decision to use four trials is in essence a case management decision. As with decisions under Rules 20 and 42 of the Federal Rules of Civil Procedure involving whether to join or sever trials for multiple parties and/or claims, the court must balance similarities and differences among different plaintiffs' claims, the extent of common and overlapping evidence and legal issues, and trial considerations such as length of trial, potential juror confusion, and the expense and delay associated with separate trials and cases. Such questions do not have one single, correct answer, but the court exercises judgment and discretion, based on experience and predictions about how best to manage the case. See, *e.g.*, *Chavez v. Illinois State Police*, 251 F.3d 612, 632 (7th Cir. 2001) (district court's decision on joinder of parties under Rule 20 accorded "wide discretion"); *Berry v. Deloney*, 28 F.3d 604, 610 (7th Cir. 1994) (decision whether and how to bifurcate trials under Rule 42 reviewed for abuse of discretion); *DeWitt,*

*Porter, Huggett, Schumacher & Morgan, S.C. v. Kovalic*, 991 F.2d 1243, 1245 (7th Cir. 1993) (same).

The court's decision to schedule four trials in this case reflects such a discretionary judgment, and one that leaves neither side satisfied. There is likely to be a great deal of evidence and law common to all the plaintiffs' claims. Plaintiffs have come forward with substantial evidence of a common policy and practice regarding overtime pay at their locations. Plaintiffs would prefer to have just one trial of all their claims. Nevertheless, the court believes there are sufficient differences to make it prudent to break the plaintiffs into at least four groups for trial.

First, the first trial for the employees who all agree are non-exempt seems to make sense. It will allow presentation of a great deal of common evidence concerning defendants' policies and practices, and the individual plaintiffs seem to be situated most similarly to one another. There are no individual issues concerning any exemptions.

The second trial will focus on application of the professional employee exemption for registered nurses and physical therapists who provide services in homes. Based on the record developed so far, it appears that these employees are also situated quite similarly to one another. This approach will focus the second

trial on the common evidence and law, plus application of one particular exemption to these similar categories of employees.

The third trial will focus on application of the exemption for home companionship services. Again, the focus will be on the common evidence and law, plus application of a different exemption to these similarly situated employees.

The fourth trial as now scheduled is for the remaining plaintiffs, who defendants argue are exempt as salaried professional, administrative, or executive employees. At this point, frankly, the court is not certain that all of those plaintiffs' claims should be tried together. The court expects to learn more during the first three trials. If it seems prudent to divide the fourth group into two or more separate trials, that option remains open. We shall see.

For present purposes, the point is that these are discretionary judgments about how best to join parties and claims for trial. Such decisions are exceptionally poor candidates for § 1292(b) certification. See, *e.g.*, *Schine v. Schine*, 367 F.2d 685, 688 (2d Cir. 1966) (dismissing appeal and noting that whether district judge abused his discretion in granting or denying motion for a separate trial of a counterclaim "may rarely, if ever, involve 'a controlling question of law'" suitable for an interlocutory appeal); *Seven-Up Co. v. O-So Grape Co.*, 179 F. Supp. 167, 171-72 (S.D. Ill. 1959) (denying request to certify for

interlocutory appeal a decision to try one defense separately; order was discretionary procedural order that did not resolve merits or present controlling issue of law).

Defendants seem to think that so long as they assert that some employees are exempt from the FLSA, the defendants are entitled to de-certification. That is not the standard. Under 29 U.S.C. § 216(b), plaintiffs must be situated "similarly," not identically. The evidence of a centralized, uniform policy toward overtime supports the collective action in this case. The defendants' concerns about differences should be addressed adequately by the approach of dividing the plaintiffs into the four groups, depending on which exemptions defendants invoke.

Finally, an interlocutory appeal here would not advance the ultimate resolution of this case. The defense motion seems to be a rather transparent effort to force dismissal of all the claims of the opt-in plaintiffs, who would all be free to file their own separate actions. The courts need not conduct 66 separate trials of such similar claims. Once the parties are actually before the court, as the 66 plaintiffs already are in this case, their claims could be joined for consolidated trials under Rule 20(a) even without the collective action procedure of the FLSA, since they assert claims arising out of the same series of transactions or occurrences. Assuming that defendants' effort would not be successful, an interlocutory appeal would still add at least a number of months of delay to the case and would impose additional delays and costs on the plaintiffs and the

courts. (Federal court management statistics for fiscal year 2005 show that the median time from the filing of a notice of appeal to final disposition in the Seventh Circuit is 10.6 months, which is the fourth fastest median among the circuits.)

Accordingly, defendants' motion for a stay and for certification of an issue for interlocutory appeal is hereby denied. Defendants' request for oral argument is also denied as unnecessary. The first trial remains scheduled for August 14, 2006.

So ordered.

Date: July 14, 2006

DAVID F. HAMILTON, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Nathan D. Foushee
MORSE FOUSHEE PC
foushee@mflawpc.com

Robert Wayne Markette Jr.
GILLILAND & CAUDILL LLP
rwm@gilliland.com

Jennifer S. Milligan
GILLILAND & CAUDILL
jsm@gilliland.com

John J. Morse
MORSE FOUSHEE PC
morse@mflawpc.com

Ronald A. Wright
WRIGHT AND ASSOCIATES PC
wrightandassoc@sbcglobal.net