UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PATRICIA COAN, CHRISTINA REPISCHAK, TERESA PRESSLY, JOYCE LITTLE, CHRISTA CHILDERS and BONNIE WILSON, on behalf of themselves and all others similarly situated, | )<br>)<br>)<br>)<br>)<br>) |
| Plaintiffs, | ) |
| v. | ) CASE NO. 1:05-cv-0101-DFH-TAB<br>)<br>) |
| NIGHTINGALE HOME HEALTHCARE and DEV A. BRAR, personally, | )<br>)<br>) |
| Defendants. | ) |

ORDER ON PLAINTIFFS' MOTION FOR
ATTORNEY FEES AND COSTS FOR SECOND TRIAL

The federal Fair Labor Standards Act (FLSA) authorizes an award of "a reasonable attorney's fee" and costs for a plaintiff who wins a judgment. 29 U.S.C. § 216(b). Plaintiffs filed yesterday a motion for an award of attorney fees and costs they attribute to the second of four trial groups in this collective action under the FLSA. The second trial group originally included fifteen individual plaintiffs. See Docket No. 91. Only six plaintiffs' claims survived for submission to the jury. The jury ruled in favor of defendants on five of those plaintiffs. The one plaintiff who prevailed won a small fraction of the damages she was seeking: $1,172.50, less than four percent of the unpaid overtime wages she sought ($33,359.30 without liquidated damages).

In light of these facts, plaintiffs' request for $89,205.00 in attorney fees and $6,727.95 in costs is not reasonable. It is simply absurd. Plaintiffs have correctly cited *Hensley v. Eckerhart*, 461 U.S. 424 (1983), for the proposition that a lodestar fee is calculated by multiplying hours reasonably expended by a reasonable hourly rate, and that the lodestar is the starting point in determining a reasonable fee. But plaintiffs' motion ignores what the Supreme Court actually decided in *Hensley*: that the district court had erred by failing to *reduce* the lodestar amount to account for the prevailing plaintiff's limited success. See 461 U.S. at 434-40. And in this case, fourteen of the fifteen plaintiffs in the second trial group did not prevail at all.

When faced with such an absurdly excessive fee request that fails to take into account at all the critical factor of (very) limited success, the court may be justified in simply denying the request summarily. See, *e.g.*, *Scham v. District Courts Trying Criminal Cases*, 148 F.3d 554, 557 (5th Cir. 1998); *Lewis v. Kendrick*, 944 F.2d 949, 958 (1st Cir. 1991). There is no point in requiring defendants to spend time or money responding to this motion. However, because the case has not yet run its course, the denial of this motion is without prejudice to plaintiffs' ability to file a proper and *reasonable* request after judgment is actually entered. At that point, it should be possible to evaluate the plaintiffs' attorneys' work and the extent of any success in light of the results of the case

overall.  Accordingly, plaintiffs' motion for award of attorney fees and costs for the second trial group is hereby DENIED.

So ordered.

Date: October 27, 2006

_____
DAVID F. HAMILTON, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Nathan D. Foushee
MORSE FOUSHEE PC
foushee@mflawpc.com

Robert Wayne Markette Jr.
GILLILAND & CAUDILL LLP
rwm@gilliland.com

Jennifer S. Milligan
GILLILAND & CAUDILL
jsm@gilliland.com

John J. Morse
MORSE FOUSHEE PC
morse@mflawpc.com

Ronald A. Wright
WRIGHT AND ASSOCIATES PC
wrightandassoc@sbcglobal.net